## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LACKAWANNA CHIROPRACTIC P.C.**, a New York professional corporation, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**TIVITY HEALTH SUPPORT, LLC**, a Delaware limited liability company,<br><br>*Defendant.* | Case No.<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

### CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff Lackawanna Chiropractic P.C. ("Lackawanna" or "Plaintiff") brings this Class Action Complaint against Defendant Tivity Health Support, LLC., ("Tivity" or "Defendant"), to stop its practice of sending unauthorized and unwanted fax advertisements, and to obtain redress for all persons and entities similarly injured by its conduct. Plaintiff alleges as follows upon personal knowledge as to itself and its own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by its attorneys.

### NATURE OF THE ACTION

1.  Defendant Tivity is a fitness and wellness program provider.

2.  This case challenges Tivity's practice of sending unsolicited faxes to businesses and other consumers advertising its Health and Fitness Program Network, a referral and discount network.

3.  These faxes are part of a general marketing campaign to promote the commercial

1

availability of Tivity's referral and discount network to businesses that may choose to provide services through Tivity's network and compensate Tivity for doing so, and to self insured consumers (including owners and employees of the business receiving the faxes) that may become network members and also compensate Tivity for doing so.

4. Defendant Tivity sent the faxes at issue to Plaintiff and the Class despite having no established business relationship with them and never obtaining their consent to send them faxes in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), causing Plaintiff and members of the putative Class actual harm, including the aggravation and nuisance of receiving such faxes, the loss of use of their fax machines during the receipt of such faxes, loss of ink and toner, and increased labor expenses.

5. As a result, Plaintiff seeks redress for Defendant's TCPA violations, including an injunction requiring Defendant to cease all unauthorized fax-based marketing activities and an award of actual and statutory damages on a per violation basis for Plaintiff and the Class.

## PARTIES

6. Plaintiff Lackawanna Chiropractic P.C. is a New York professional corporation headquartered in Buffalo, New York.

7. Defendant Tivity Health Support, LLC. is a Delaware limited liability company headquartered in Franklin, Tennessee.

## JURISDICTION & VENUE

8. This Court has federal question subject matter jurisdiction over this TCPA action pursuant to 28 U.S.C. §1331.

9. The Court has personal jurisdiction over Defendant and venue is proper in this District because Defendant conducts significant amounts of business within this District and because the wrongful conduct giving rise to this case occurred in, was directed to, and/or

emanated from this District. Venue is additionally proper because Plaintiff resides in this District.

## COMMON ALLEGATIONS OF FACT

10. Defendant Tivity is a provider of fitness and wellness program networks through which members obtain services, including acupuncture, chiropracty, and massage at a discounted rate.

11. As part of an overall marketing plan to advertise its programs, services, and goods, Tivity sends unsolicited faxes to businesses and other consumers to solicit them to be part of their networks as providers and/or members.

12. In this case, Tivity's unsolicited faxes promoted the commercial availability and quality of its SilverSneakers, PrimeFitness, WholeHealth Living program networks, which the fax represents have been "successfully developed and managed" by Tivity "for more than 25 years." *See* Fax attached as Exhibit A. The faxes also advertised the commercial availability and quality of "a new and exciting network similar to the [WholeHealth Living] Network," Tivity's Health and Fitness Program Network for which "targeted members are ages 50+." *See id.*

13. Additionally, the faxes solicited businesses to join Tivity's networks and compensate Tivity for the marketing services it provides to network providers in three ways. First, by effectively paying Tivity a $20 "first visit … new patient finder fee." *See* Exhibit A. Second, by offering an ongoing 10%-30% discount to Tivity network members for which Tivity is compensated by members. *See id.* And third, by delaying the reimbursement of network providers, and otherwise retaining the benefit of members' funds during the delay in issuing reimbursements. *See id.* Joining Tivity's network as solicited in the junk faxes is therefore not

free for businesses.[1]

14. Tivity used a telephone facsimile machine, computer, or other device to send the fax advertisements at issue. And it sent these fax advertisements to businesses and other consumers with which it had no existing business relationship, without their express invitation or permission, in violation of the TCPA.

### FACTS SPECIFIC TO PLAINTIFF LACKAWANNA CHIROPRACTIC P.C

15. On March 2, 2018 at 2:36 PM, Tivity transmitted to Plaintiff Lackawanna by telephone facsimile machine an unsolicited fax solicitation promoting its fitness and wellness networks. *See* Fax attached as Exhibit A.

16. Plaintiff did not have an existing business relationship with Tivity and never consented to receive its fax solicitation.

17. These faxes caused Plaintiff actual harm including the aggravation and nuisance, the loss of use of its fax line and fax machine during the receipt of the fax, loss of toner and paper, and other out of pocket costs associated with receiving the fax.

### CLASS ACTION ALLEGATIONS

18. **Class Definition:** Plaintiff Lackawanna brings this action pursuant to Federal Rules of Civil Procedure 23(b)(2) and 23(b)(3) individually and on behalf of a Class of similarly situated individuals defined as follows:

> All persons and entities who (1) on or after four years prior to the filing of the initial complaint in this action, (2) were sent a telephone facsimile advertisement, (3) by or on behalf of Tivity, and (4) from whom Tivity did not have a record of prior express consent to send the facsimile advertisements, or from whom Tivity claims to have obtained consent in the same manner it claims to have obtained consent from Plaintiff.

---

[1] Tivity's SEC filings also confirm that Tivity is able to charge its health care provider and other institutional members more for access to its networks by increasing the number of providers participating in the networks. Tivity 10-Q dated May 4, 2018 at § 3, Revenue Recognition.

19. The following individuals are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, its subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest and their current or former employees, officers and directors; (3) Plaintiff's attorneys; (4) persons who properly execute and file a timely request for exclusion from the Class; (5) the legal representatives, successors or assigns of any such excluded persons; and (6) persons whose claims against Defendant have been fully and finally adjudicated and/or released. Plaintiff anticipates the need to amend the class definitions following appropriate discovery.

20. **Numerosity**: The exact size of the Class is unknown and unavailable to Plaintiff at this time, but it is clear that individual joiner is impracticable. On information and belief, Defendant faxed unsolicited advertisements to thousands of individuals and entities who fall into the definition of the Class. Class membership can be easily determined from Defendant's records.

21. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Class. Plaintiff is a member of the Class, and if Defendant violated the TCPA with respect to Plaintiff, then it violated the TCPA with respect to the other members of the Class. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct.

22. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

    a.    How Defendant gathered, compiled, or obtained the fax numbers of Plaintiff and the Class;

      b.      Whether Defendant's faxes advertised the commercial availability or quality of property, goods, or services;

      c.      Whether Defendant sent the fax advertisements without first obtaining Plaintiff and the Class's prior express permission or invitation to do so; and

      d.      Whether Defendant's conduct was willful such that Plaintiff and the Class are entitled to treble damages.

23.    **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff.

24.    **Policies Generally Applicable to the Class**: This class action is appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to the Class as a whole, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class, and making final injunctive relief appropriate with respect to the Class as a whole. Defendant's practices challenged herein apply to and affect the members of the Class uniformly, and Plaintiff's challenge of those practices hinges on Defendant's conduct with respect to the Class as a whole, not on facts or law applicable only to Plaintiff.

25.    **Superiority**: This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy given that joinder of all parties is impracticable. The damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective

relief from Defendant's misconduct. Even if members of the Class could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this case. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

## FIRST CAUSE OF ACTION

### Violation of 47 U.S.C. § 227
### (On Behalf of Plaintiff and the Class)

26.     The TCPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement. . . ." 47 U.S.C. § 227(b)(1)(C).

27.     The TCPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

28.     The faxes sent by Defendant advertised the commercial availability and quality of its goods and services and were commercial in nature. Therefore, Defendant's faxes were advertisements under the TCPA.

29.     Defendant sent the facsimile advertisements at issue to Plaintiff and members of the Class without their prior express invitation or consent, and despite the lack of an existing business relationship between it and members of the Class.

30.     By sending the unsolicited advertisement faxes at issue to Plaintiff and members

of the Class without their prior express invitation or permission, Defendant violated 47 U.S.C. § 227(b)(1)(C).

31.     As a result of Defendant's conduct, Plaintiff and the members of the Class suffered actual damages, including the conversion or loss of paper and toner consumed in the printing of the faxes, the loss of use of the recipients' fax machines during the time required to receive, review and route the unauthorized faxes, as well as increased labor expenses.

32.     Plaintiff and the Class are therefore entitled to a minimum of $500, and maximum of $1,500, in damages for each TCPA violation.

33.     Additionally, as a result of Defendant's unlawful conduct, Plaintiff and the other members of the Class are entitled to an injunction to ensure that Defendant's violations of the TCPA do not continue into the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Lackawanna, on behalf of itself and the Class, prays for the following relief:

e.     An order certifying this case as a class action on behalf of the Class as defined above; appointing Lackawanna Chiropractic P.C. as the representative of the Class; and appointing its attorneys as Class Counsel;

f.     An order declaring that Defendant's actions, as set out above, violate the TCPA;

g.     An order enjoining Defendant from further TCPA violations, and otherwise protecting the interests of the Class;

h.     An award of statutory damages;

i.     An award of pre-judgement interest and costs; and

j.     Such further and other relief the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a jury trial.

Respectfully Submitted,

**LACKAWANNA CHIROPRACTIC P.C.**,
individually and on behalf of all others similarly situated,

Dated: June 7, 2018     By:   /s/Stefan Coleman
Stefan Coleman (SC6365)
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman*
KAUFMAN P.A.
400 NW 26TH Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Attorneys for Plaintiff and the putative Class*
**Pro hac vice to be sought*