UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LACKAWANNA CHIROPRACTIC P.C.,

    Plaintiff,

    v.

TRIVITY HEALTH SUPPORT, LLC,

    Defendant.

18-CV-649
DECISION & ORDER

---

On June 7, 2018, the plaintiff, Lackawanna Chiropractic P.C., filed this putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The complaint alleges that the defendant, Trivity Health Support, LLC ("Trivity"), sent unauthorized and unwanted fax advertisements in violation of the TCPA. Docket Item 1. On August 16, 2018, Trivity filed its first motion to dismiss the case, and on September 6, 2018, Lackawanna Chiropractic filed an amended complaint. Docket Items 13, 15. Trivity filed its second motion to dismiss on October 22, 2018, Docket Item 19; Lackawanna Chiropractic responded on November 6, 2018, Docket Item 21; and Trivity replied on November 16, 2018, Docket Item 23.

## **BACKGROUND**

In deciding a motion to dismiss a complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), the court accepts as true all factual allegations, drawing reasonable inferences in the plaintiff's favor. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). "Dismissal is inappropriate unless it appears beyond doubt that the

plaintiff can prove no set of facts which would entitle him or her to relief." *Sweet v. Sheahan*, 235 F.3d 80, 83 (2d Cir. 2000).

The amended complaint alleges that on March 2, 2018, Trivity sent an unsolicited fax to Lackawanna Chiropractic.[1]  Docket Item 15 at 5.  According to the amended

---

[1] The substantive text of the fax reads as follows:

***Who we are***

WholeHealth Networks, Inc., a subsidiary of Trivity Health Support, LLC, (WHL) has successfully developed and managed national networks for numerous regional and national health plans for more than 25 years. We are currently growing our Acupuncture, Chiropractic, and Massage networks.

***Call to action – We need you!***

You are currently participating in the Trivity Health WholeHealth Living Choices Discount Network. We would like you to also participate in a new exciting network similar to the Choices Discount Network. The best part is the number of members that can participate in your community – targeted members are ages 50+. Since you are already in the Choices Discount Network, all we need you to do is complete the attached material and send it back so we can get you in the network for the new Network launch in March!

***Trivity's new Health and Fitness Program Network – 4 easy steps***

Once you have signed the attached information, here is how the process works:

1. Your practice will be posted on our website. The member will present to your office with an app on his/her mobile phone.
2. You will enter your NPI number on the member's phone app to activate your voucher.
3. You will receive an auto-generated email with the voucher redemption steps.
4. Open your email and redeem your voucher!

***Specifics for the Program:***

- Discounts: WHL will ask you to offer members a discount of 10 to 30 percent. You get to select the percentage discount, off your cash charges (this is just like the Choices Discount Network).
- Vouchers: Members will have a monthly $20 voucher (or coupon). WHL considers the first visit voucher as a new patient finder fee; it is non-reimbursable by WHL. The subsequent vouchers can be submitted to WHL for reimbursement.

complaint, the fax promoted the commercial availability of Trivity's SilverSneakers, PrimeFitness, and WholeHealth Living program networks and "a new and exciting network similar to the [WholeHealth Living] Network" for which "targeted members are ages 50+." *Id.* at 3. The fax also solicited provider recipients to join Trivity's networks, make use of its marketing and patient matching services, and compensate Trivity in return. *Id.* This compensation came in the form of effectively paying Trivity a $20 "new patient finder fee," by offering an ongoing discount to Trivity network members for which members compensate Trivity, and by delaying the reimbursement of network providers and otherwise retaining the benefit of members' funds during that delay. *Id.* at 4.

Lackawanna Chiropractic filed a class action law suit on behalf of all persons and entities similarly injured by Trivity's conduct, alleging that Trivity violated the TCPA by "sending unsolicited faxes to businesses and other consumers with which it ha[d] no relationship advertising [its networks]." *Id.* at 1. According to the complaint, the fax was an "unsolicited advertisement" because it "advertised the commercial availability and quality of [Trivity's] goods and services and [was] commercial in nature." *Id.* at 8. Lackawanna Chiropractic alleges that by sending these unsolicited advertisements to the prospective class plaintiffs "without their prior express invitation or permission," Trivity violated 47 U.S.C. § 227(b)(1)(C).

---

- The member will pay you the Discounted amount after the Voucher is applied.
- If the member does not have a voucher for a visit and wants to see you multiple times in a month, you just offer the Discount.

***Get started today!***

To support its motion to dismiss, Trivity argues that the fax was not an "unsolicited advertisement" because its purpose was not to promote the commercial availability and quality of Trivity's referral and discount network. Docket Item 19-1 at 2. Rather, the purpose of the fax, according to Trivity, was to recruit healthcare providers like Lackawanna Chiropractic to its network. *Id.* Trivity moves to dismiss because, it argues, the plaintiff has failed to plausibly allege that the fax was an unsolicited advertisement or that it was commercial in nature and promoted property, goods, or services. *Id.* at 3, 7.

## **DISCUSSION**

To survive a motion to dismiss, a complaint must include sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557).

The TCPA makes it unlawful to fax an "unsolicited advertisement" unless the recipient has an established business relationship with the sender, the recipient voluntarily communicated its fax number for public distribution, or the unsolicited advertisement contains an opt-out notice. 47 U.S.C. § 227(b)(1)(C). The act defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without

4

that person's prior express invitation or permission." 47 U.S.C. § 227(a)(5). At the pleading stage, a fax is an "unsolicited advertisement" under the TCPA when "there is a plausible conclusion that the fax had the commercial purpose of promoting [the sender's] products or services." *Physicians Healthsource, Inc. v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 847 F.3d 92, 95 (2d Cir. 2017).

According to the amended complaint here, "Trivity is a provider of fitness and wellness program networks" whose core business is "connect[ing] healthcare and wellness providers with potential patients and clients." Docket Item 15 at 3. Without a doubt, those services are the subject of the fax Trivity sent to Lackawanna Chiropractic. Docket Item 15-1. So the fax had the commercial purpose of promoting Trivity's services, and the complaint states a plausible claim for relief under the TCPA.[2]

---

[2] The plaintiffs also allege that, as an employer, Lackawanna Chiropractic could be a Trivity group sponsor for its employees and thus a potential direct purchaser of Trivity's programs, goods, and services. Docket Item 15 at 3. According to the plaintiffs, by simply mentioning the quality of Trivity's networks in general and using the term "member," which in context offered services for a fee, the fax had the commercial purpose of promoting Trivity's programs. Docket Item 21 at 7. The plaintiffs argue that merely touting the quality or declaring the availability of services suffices to show the fax is an unsolicited advertisement, *id.* at 5, relying on *Mussat v. Enclarity, Inc.*, 2018 U.S. Dist. LEXIS 35142, at *7 (N.D. Ill. Mar. 5, 2018) ("A fax need not make an overt sales pitch to its recipient for a TCPA claim to exist.").

But the law in the Second Circuit is not as expansive as the plaintiffs contend. In *Physicians Healthsource, Inc.*, 847 F.3d at 95, the Second Circuit considered whether a fax inviting recipients to an event involving the sender "had the commercial purpose of *promoting* [the sender's] products or services." Judge Winter illustrated the point with "[t]wo fanciful examples."

> If a complaint alleged that the Handy Widget Company funded a professorship at a local law school in the name of its deceased founder and faxed invitations on its letterhead to an inaugural lecture entitled "The Relevance of Greek Philosophers to Deconstructionism," the complaint would not state a claim under the TCPA because the Handy Widget Company is not in the business of philosophical musings. In contrast, if the Handy Widget Company faxed invitations to a free seminar on increasing widgets' usefulness and productivity, a claim under the

5

The plaintiffs allege that the fax was an unsolicited advertisement asking recipients to join Trivity's networks and to use Trivity's marketing and patient matching services. Docket Item 15 at 3. And accepting the complaint's allegations as true, they are correct. The fax "promote[s]" the advantages of Trivity's patient-matching "services." *Physicians Healthsource, Inc.*, 847 F.3d at 96-97. It invites recipients to "Grow your business!" by joining Trivity's network. Docket Item 15-1. It mentions the number of patients in Trivity's network, the age of targeted members, and the ease of signing up. *Id.*

Trivity argues that the fax is a recruitment email, not an unsolicited advertisement, because it simply informs the recipient of an opportunity and attempts to recruit the recipient to provides services. Docket Item 19-1 at 5. Trivity points to a series of cases from other circuits in which the courts decided that communications in which the sender proposed compensating the recipient for some services were not unsolicited advertisements. *See Reardon v. Uber Techs., Inc.*, 115 F. Supp. 3d 1090,

---

TCPA would be validly alleged. Of course, the Handy Widget Company could rebut at the summary judgment stage with evidence showing that it did not feature its products or services at the seminar.

*Id.* at 97. Lackawanna Chiropractic would apply *Mussat* to define "unsolicited advertisement" so broadly that simply by placing the invitations on its letterhead Handy Widget Company would violate the TCPA. Here, the fax states that Trivity has "successfully developed and managed national networks" for its "members," but it does nothing more to promote the availability of those networks for direct purchase by Lackawanna Chiropractic. Docket Item 15-1. It never even mentions the SilverSneakers, PrimeFitness, and WholeHealth Living networks. *Id.* Nor does it suggest anywhere that the recipient become a Trivity group sponsor or even mention the benefits of sponsorship. *Id.* While it is "possible" that the fax could promote the direct purchase of Trivity's services by an employer in that way, such an interpretation may not be "plausible." *Iqbal*, 556 U.S.at 678. Nevertheless, because this Court denies the defendant's motion to dismiss, it does not now reach that issue.

6

1096 (N.D. Cal. 2015) (holding that text messages sent by Uber to potential drivers are not advertisements sent with the purpose to promote a good or service); *Friedman v. Torchmark Corp.*, 2013 WL 4102201, at *5 (S.D. Cal. Aug. 13, 2013) ("Regarding unsolicited advertisements, the Court finds persuasive the *Lutz* court's conclusion that an offer of employment is not 'material advertising the commercial availability . . . of any property, goods, or services' within the ordinary meaning of those words of the TCPA."); *Lutz Appellate Servs., Inc. v. Curry,* 859 F. Supp. 180, 181 (E.D. Pa. 1994) ("A company's advertisement of available job opportunities within its ranks is not the advertisement of the commercial availability of property."); *cf. Sandusky Wellness Center, LLC v. Medco Health Solutions, Inc.*, 788 F.3d 218, 222 (6th Cir. 2015) (pharmacy benefit manager sent information to healthcare provider about preferred prescriptions for its patients that was not an unsolicited advertisement because the sender had "no interest whatsoever in soliciting business from" the recipient). In each of these cases, the communication did not contemplate that the recipient pay the sender any money for the sender's products or services.

Here, Trivity's fax is different. On its face, Trivity's fax describes at least two ways in which the recipient will compensate Trivity for patient-matching services. First, the recipient effectively pays Trivity by accepting a nonreimbursable $20 monthly voucher when a member first visits the healthcare provider, which Trivity considers a "new patient finder fee." Docket Item 15-1. Second, Trivity asks participants to offer Trivity members an on-going 10-30% discount, with the participant selecting the specific "percentage discount" in that range. *Id.* In both ways, participants compensate Trivity

7

for its services, and that revenue suffices to plausibly allege the "commercial purpose" of the fax. *Physicians Healthsource, Inc.*, 847 F.3d at 95.

Trivity is correct in its assertion that the purpose of the message is critical. If Trivity did not have the commercial purpose of promoting its products and services when sending the fax, it may not have violated the TCPA. *See id.*; *cf. Salmon v. CRST Expedited, Inc.*, 2015 WL 1395237, at *3 (N.D. Okla. Mar. 25, 2015) ("[T]he 'purpose of the message' is what governs whether an autodialed call is a prohibited solicitation or advertisement.") (citing In re Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, 18 F.C.C.R. 14014, 14097 (F.C.C. July 3, 2003)). But the plaintiffs have plausibly alleged that Trivity sent a fax with a commercial purpose of advertising the commercial availability and quality of its goods and services and that the fax therefore was commercial in nature. Docket Item 15 at 8. Trivity can rebut that allegation, but only after answering the complaint and proceeding to discovery.

In sum, the complaint alleges that Trivity is in the business of connecting healthcare providers such as Lackawanna Chiropractic to the members of its network for a fee, and the plaintiffs have plausibly alleged that that is exactly what Trivity sought to do with its fax here. Because providers would compensate Trivity for its services, Trivity's argument that the purpose of the fax was recruitment is unavailing. On its face, Trivity's fax is more than an offer of employment or noncommercial information. Instead, at least based on the facts alleged in the complaint, it is an unsolicited advertisement for Trivity's patient-matching services.

## **CONCLUSION**

For the reasons stated above, Trivity's motion to dismiss the amended complaint, Docket Item 19, is DENIED. The plaintiffs have plausibly stated a claim that Trivity sent an unsolicited advertisement for its patient-matching services in violation of the TCPA. The defendant's motion to dismiss therefore is denied.

SO ORDERED.

Dated: January 22, 2019
Buffalo, New York

*s/ Lawrence J. Vilardo*
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE