## UNITED STATES DISTRICT COURT FOR
## THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LACKAWANNA CHIROPRACTIC P.C.**, a New York professional corporation, individually and on behalf of all others similarly situated, | **Case No. 1:18-cv-00649-LJV** |
| *Plaintiff*, | **CLASS ACTION** |
| *v.* | |
| **TIVITY HEALTH SUPPORT, LLC**, a Delaware limited liability company, | |
| *Defendant.* | |

## PLAINTIFF'S NOTICE OF UNOPPOSED MOTION
## FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiff Lackawanna Chiropractic P.C., on behalf of itself and classes of similarly situated persons, with the consent of Defendant Tivity Health Support, LLC (referred to as "Tivity" or "Defendant"), respectfully move for entry of an order granting preliminary approval of the class action settlement set forth in the Parties' Settlement Agreement ("Settlement Agreement" or "Agreement"), certifying a class for settlement purposes, and providing for issuance of Notice to the Settlement Class.

The Settlement Agreement makes $375.00 available for each Tivity Fax sent to a member of the settlement class, which will also be used to pay the Settlement Costs. If approved, the Settlement will bring an end to what has otherwise been, and likely would continue to be, contentious litigation centered on unsettled legal questions.

The motion and memorandum of law seek the entry of an order providing for:

1. Preliminary approval of the Settlement;

1

2. Provisional certification of the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only and appointment of the Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

3. Approval of the Settlement Administrator;

4. Approval of the form and content of the Notice program describing:

   a. The Settlement and the Settlement Class members' rights with respect to the Settlement;

   b. The proposed Release of claims;

   c. Class Counsel's request for attorneys' fees and expenses, and a Service Award for the Class Representative; and

   d. The procedure for opting-out of or objecting to the Settlement.

5. Approval of the Claims process;

6. Re-opening and staying the Action pending Final Approval of the Settlement; and

7. Scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

Dated: June 28, 2019

/s/ Stefan Coleman
Stefan Coleman (SC6365)
law@stefancoleman.com
Law Offices of Stefan Coleman, P.A.
5 Penn Plaza, 23rd Floor
New York, NY 10001
Telephone: (877) 333-9427
Facsimile: (888) 498-8946

Avi R. Kaufman (admitted pro hac vice)
KAUFMAN P.A.
400 NW 26TH Street
Miami, Florida 33127
Telephone: (305) 469-5881
Email: kaufman@kaufmanpa.com

*Attorneys for Plaintiff and the Settlement Class*

2

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

*/s/ Stefan Coleman*

UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LACKAWANNA CHIROPRACTIC P.C.**, a New York professional corporation, individually and on behalf of all others similarly situated, | **Case No. 1:18-cv-00649-LJV** |
| *Plaintiff*, | **CLASS ACTION** |
| *v.* | |
| **TIVITY HEALTH SUPPORT, LLC**, a Delaware limited liability company, | |
| *Defendant*. | |

**PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF
CLASS ACTION SETTLEMENT AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff Lackawanna Chiropractic P.C., on behalf of itself and classes of similarly situated persons, with the consent of Defendant Tivity Health Support, LLC (referred to as "Tivity" or "Defendant"), respectfully requests the entry of an order granting preliminary approval of the class action settlement set forth in the Parties' Settlement Agreement ("Settlement Agreement" or "Agreement"), certifying a class for settlement purposes, and providing for issuance of Notice to the Settlement Class.[1]

## I.    INTRODUCTION

The Settlement Agreement makes $375.00 available for each Tivity Fax sent to a member of the settlement class, which will also be used to pay the Settlement Costs.  If approved, the Settlement will bring an end to what has otherwise been, and likely would continue to be, contentious litigation centered on unsettled legal questions.

---

[1] The Agreement is attached as *Exhibit A*. All capitalized terms used herein have the same definitions as those defined in the Agreement.

This motion seeks the entry of an order providing for, among other things:

1. Preliminary Approval of the Settlement;

2. Preliminary certification of a Settlement Class and appointment of the Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

3. Approval of the Settlement Administrator;

4. Approval of the Notice program describing:

   a. The Settlement and the Settlement Class members' rights with respect to the Settlement;

   b. The proposed Release of claims;

   c. Class Counsel's request for attorneys' fees and expenses, and a Service Award for the Class Representative; and

   d. The procedure for opting-out of or objecting to the Settlement.

5. Approval of the Claims process; and

6. The scheduling of a Final Approval Hearing to consider Final Approval of the Settlement.

The Parties' proposed Settlement is exceedingly fair and well within the range of Preliminary Approval for several reasons. *See* Declaration of Avi Kaufman ¶ 2, attached hereto as *Exhibit B*. First, it provides relief for Settlement Class Members where their recovery, if any, would otherwise be uncertain, especially given Defendant's ability and willingness to continue its vigorous defense of the case. Second, the Settlement was reached only after first engaging in extensive pre-litigation discovery, formal discovery, and extensive arm's-length negotiations. Third, the Settlement was not conditioned on any amount of attorneys' fees for Class Counsel or

Service Award for Plaintiff, which speaks to the fundamental fairness of the process. Kaufman Decl. ¶ 3.

For all these reasons, and as further described below, Plaintiff respectfully requests that the Court preliminarily approve the Settlement.

## II.    BACKGROUND

### a.  Facts

The Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and its implementing regulations were enacted by Congress and the Federal Communications Commission to "offer consumers greater protection from intrusive telemarketing calls…."[2] Plaintiff initiated this litigation against the Defendant alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, *inter alia*, monetary damages.

### b.  Procedural History

On June 7, 2018, Plaintiff initiated this litigation against Tivity in the United States District Court for the Western District of New York alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and seeking, inter alia, monetary damages. [DE #1]. On August 16, 2018, Tivity filed a Motion to Dismiss. [DE #13]. On September 6, 2018, Plaintiff filed an Amended Complaint. [DE #15]. On October 22, 2018, Tivity filed a Motion to Dismiss directed towards the Amended Complaint. [DE # 19]. On November 6, 2018, Plaintiff filed a Response in Opposition to the Motion to Dismiss. [DE # 21]. On November 16, 2018, Tivity filed a Reply in Support of the Motion to Dismiss. [DE #23]. On January 23, 2019, the Court denied the Motion to Dismiss. [DE #24].    On January 23, 2019, the Court entered an Order of

---

[2]  Federal Communications Commission, Small Entity Compliance Guide for the TCPA (dated May 13, 2013), https://apps.fcc.gov/edocs_public/attachmatch/DA-13-1086A1.pdf.

Preliminary Pretrial Conference. [DE #26]. On February 22, 2019, Tivity filed an Answer and Affirmative Defenses to the Amended Complaint. [DE #29]. On February 27, 2019, the Parties participated in a Pretrial Conference for the purpose of entry of a Case Management Order. [DE #30].

Class Counsel served written discovery, documents requests, and multiple deposition notices on Tivity. Tivity thereafter served written responses, and produced documents. On April 10, 2019, the Parties participated in an initial mediation conference with mediator Judge Morton Denlow (Ret.) of JAMS. Based on the Parties' analyses of the relative strengths and weaknesses of their cases through discovery, in May 2019, the Parties engaged in formal class wide-settlement discussions, resulting in an agreement in principle to settle the Action on May 15, 2019. Thereafter, the Parties executed a term sheet memorializing their agreement to settle the Action.

On May 21, 2019, the Court was provided notice of the Parties' agreement to settlement of the Action. [DE #37]. On May 22, 2019, the Court entered an Order dismissing the Action, with the right to re-open upon good cause shown within 60 days, if settlement is not consummated. [DE #38]. Following further negotiations and discussions, the Parties resolved all remaining issues, culminating in this Agreement.

The Parties engaged in intensive arm's-length negotiations to resolve the Case with a view toward achieving substantial benefits for the Settlement Class as a whole, while avoiding the cost, delay, and uncertainty of further litigation, trial, and appellate practice.

### III.    SUMMARY OF THE SETTLEMENT TERMS

The following is a summary of the material terms of the Settlement.

### a.    The Settlement Class

The proposed Settlement establishes a Settlement Class of all members of the classes of persons in this Action as follows:

> All individuals and entities within the United States who were sent a fax by or on behalf of Tivity for the purpose of recruiting the recipient, or an individual or entity affiliated with the recipient, to join a Tivity network from June 7, 2014 through [the date of the Preliminary Approval Order].

Agreement Section III. Excluded from the Settlement Class are: (1) the trial judge presiding over this case; (2) Tivity, as well as any parent, subsidiary, affiliate or control person of Tivity, and the officers, directors, agents, servants or employees of Tivity; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely opted out of the Settlement; and (6) Class Counsel and their employees.

### b.    Settlement Consideration

Pursuant to the Settlement Agreement, Tivity agrees to make available the Settlement Funding, in a total amount not to exceed $645,000 for the sole purpose of paying Settlement Costs and Approved Claim Payments. Tivity shall be obligated to advance funds only as needed for the foregoing purposes, and any unused portion of the Settlement Funding will remain with Tivity. Tivity need not segregate funds or create special accounts. In no event shall Tivity's total financial liability with respect to this Agreement and the Settlement exceed $645,000. Agreement Section IV.

**c.  Settlement Administrator**

Pending this Court's approval, Angeion Group will serve as the Settlement Administrator. The Settlement Administrator's responsibilities may include:  i. obtaining the Fax List from Class Counsel and Tivity; ii. performing reverse telephone number look-ups by fax number to determine available associated physical addresses that might exist for any Settlement Class members for whom the Parties do not have addresses, and verifying and updating all addresses for Settlement Class members included in the Fax List or obtained through the reverse telephone number look-up through the National Change of Address database for the purpose of providing Mailed Notice; iii. providing Mailed Notice; iv. providing Long Form Notice through the Settlement Website; v. establishing and maintaining the Settlement Website; vi. establishing and maintaining a post office box for requests for opt-outs from the Settlement Class; vii. receiving, evaluating, and processing Claim Forms; viii. advising Settlement Class members if their Claim Forms are deficient; ix. providing weekly reports about the Notice Plan and number and identity of opt-outs (if any) to Class Counsel and Tivity's counsel; x. establishing and maintaining an automated toll-free telephone line for Settlement Class members to call with Settlement-related inquiries and to request a mailed Claim Form; xi. responding to any Settlement Class member inquiries; xii. processing all opt-out requests from the Settlement Class; xiii. at Class Counsel's request in advance of the Final Approval Hearing, preparing an affidavit to submit to the Court that identifies each Settlement Class member who timely and properly requested exclusion from the Settlement Class; xiv. performing the duties described in this Agreement, and any other Settlement-administration-related function at the joint instruction of Class Counsel and Tivity; and xv. distributing Approved Claim Payments to the Settlement Class Members that file Approved Claims, as detailed in the Agreement.  Agreement Section VI.

### d.  **The Notice Program**

The Settlement Administrator will be responsible for administrating the Notice Program. The Notice Program consists of two different components: (1) Mailed Notice and (2) Long-Form Notice on the Settlement Website and to be sent to Settlement Class members upon request. Agreement Section VII. The forms of the proposed Mailed Notice and Long-Form Notice agreed upon by Class Counsel and Defendant, subject to this Court's approval and/or modification, are attached to the Settlement Agreement as Exhibits 1 and 2.

The Notice program is designed to provide the Settlement Class with important information regarding the Settlement and their rights thereunder, including a description of the material terms of the Settlement; a date by which Settlement Class members may exclude themselves from or "opt-out" of the Settlement; a date by which Settlement Class members may object to the Settlement, the process for submission of and a date by which a valid and timely Claim Form must be submitted; Class Counsel's fee application and/or the request for a Service Award; the date of the Final Approval Hearing; information regarding the Settlement Website where Settlement Class members may access the Agreement, and other important documents. The Notice Program here is straightforward, easy to understand for Settlement Class members, and designed to inform members of their rights under the Agreement. Kaufman Decl. ¶ 4.

The Settlement Administrator shall perform reverse fax number look ups to determine available associated mailing addresses that might exist for any Settlement Class members for whom the Parties do not have such addresses, shall run addresses through the National Change of Address Database, and shall mail to all Settlement Class members postcards that contain details about the Settlement ("Initial Mailed Notice").

The Settlement Administrator shall perform reasonable address traces for all Initial Mailed Notice postcards that are returned as undeliverable. By way of example, a "reasonable" tracing procedure would be to run addresses of returned postcards through the Lexis/Nexis database that can be utilized for such purpose. The Settlement Administrator shall complete the re-mailing of Mailed Notice postcards to those Settlement Class members whose new addresses were identified as of that time through address traces ("Notice Re-mailing Process"). The Settlement Administrator's continued efforts in connection with the Notice Re-mailing Process shall not affect or extend any Settlement Class member's deadlines for objecting or opting out.

The Mailed Notice Program (which is composed of both the Initial Mailed Notice and the Notice Re-mailing Process) shall be completed no later than 45 days before the Final Approval Hearing. The Settlement Administrator shall provide Class Counsel and Tivity an affidavit that confirms that the Mailed Notice Program was completed in a timely manner. Class Counsel shall file that affidavit with the Court as an exhibit to or in conjunction with Plaintiff's motion for Final Approval of the Settlement.

### e.  Opt-Out and Objection Procedures

Settlement Class members who do not wish to participate in the Settlement may opt-out of the Settlement by sending a written request to the Settlement Administrator at the address designated in the Notice. Settlement Class members who timely opt-out of the Settlement will preserve their rights to individually pursue any claims they may have against Defendant, subject to any defenses that Defendant may have against those claims. The Settlement Agreement details the requirements to properly opt-out of the Settlement. A Settlement Class member must opt-out of the Settlement Class by the Opt-Out and Objection Deadline.

8

Settlement Class members who wish to file an objection to the Settlement must do so no later than the Opt-Out and Objection Deadline.  Pending Court approval, for an objection to be considered by the Court, it must include the following:

a) the name of the Action;

b) the objector's full name (or, if a business, business name), address, telephone number, and fax number at which the Tivity Fax(es) was (were) received;

c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel;

e) the number of times in which the objector has objected to a class action settlement within the five years preceding the date that the objector files the objection, the caption of each case in which the objector has made such objection, and a copy of any orders related to or ruling upon the objector's prior such objections that were issued by the trial and appellate courts in each listed case;

f) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement or fee application;

g) a copy of any orders related to or ruling upon counsel's or the firm's prior objections that were issued by the trial and appellate courts in each listed case in which the objector's counsel and/or counsel's law firm have objected to a class action settlement within the preceding 5 years;

9

h) any and all agreements that relate to the objection or the process of objecting—whether written or oral—between objector or objector's counsel and any other person or entity;

i) the identity of all counsel (if any) representing the objector who will appear at the Final Approval Hearing;

j) a statement confirming that the objector intends to personally appear and/or testify at the Final Approval Hearing;

k) a list of all persons who will be called to testify at the Final Approval Hearing in support of the objection; and

l) the objector's signature (an attorney's signature is not sufficient).

Agreement at ¶61.

### f. Release of Claims

In exchange for the Settlement consideration, Plaintiff and all Settlement Class Members, agree to the release as defined in Section XIII of the Agreement.

### g. Calculation of Approved Claim Payments

Each Settlement Class Member who timely files with the Settlement Administrator a Claim Form that is determined by the Settlement Administrator to be an Approved Claim pursuant to the provisions of this Agreement shall receive an Approved Claim Payment. The amount of each Approved Claim Payment shall be determined by the following formula: (a) the number of Tivity Faxes sent to the fax number of the Settlement Class Member submitting the Approved Claim multiplied by (b) $375.00 minus a *pro-rata* allocation of Settlement Costs (which allocation is calculated by taking total Settlement Costs divided by the total number of Tivity Faxes sent to the Settlement Class). By way of example only, if 1,720 Tivity Faxes were sent to the Settlement Class, and total Settlement Costs are $230,000, a Settlement Class Member submitting an

Approved Claim with respect to one Tivity Fax will be paid $241.28 ($375.00-($230,000/1,720)).

    **h.   Distribution of Settlement Fund**

Within 30 days after the Claims Deadline, the Settlement Administrator shall transmit to Class Counsel and Tivity Counsel a written notice that (a) identifies all of the Claim Forms received by the Settlement Administrator; (b) with respect to each Claim Form, indicates whether the Settlement Administrator has determined that the Claim Form qualifies as an Approved Claim or has rejected the Claim Form; and (c) describes the total amount of funds that is required to pay all Approved Claims and any unpaid settlement administration expenses.  Within 7 business days after the later of: (i) the Effective Date; or (ii) receiving from the Settlement Administrator the foregoing written notice, Tivity shall transmit funds from the Settlement Funding to the Settlement Administrator in an amount that is sufficient to pay: (i) all Approved Claims; and (ii) any unpaid settlement administration expenses actually incurred by the Settlement Administrator.

The Settlement Administrator shall send Settlement Class Members their Approved Claim Payments no later than 14 days after receiving funds from Tivity to pay such Approved Claim.

    **i.   Claims Process**

Each member of the Settlement Class who does not timely opt-out from the Settlement shall be a Settlement Class Member and entitled to make a claim.  The form of the proposed Claim Form agreed upon by Class Counsel and Defendant, subject to this Court's approval and/or modification, is attached to the Settlement Agreement as Exhibit 3.  Only one claim per fax number will be validated and deemed an Approved Claim. The Claim Form shall contain the Settlement Class Member's: (1) name; (2) current address; (3) fax number(s) at which she, he, or it received one or more Tivity Faxes; and (4) a current contact telephone number.  If a Settlement Class Member fails to fully complete a Claim Form or the fax number does not appear on the Fax List,

the Claim Form will be invalid and rejected by the Settlement Administrator.  The Settlement Administrator will then attempt to notify the Settlement Class Member that the Claim Form was deficient and rejected. Any Settlement Class Member who submits an incomplete or inaccurate Claim Form shall be permitted to re-submit a Claim Form by the later of the Claims Deadline or 14 days of the sending of notice of the defect by the Settlement Administrator.

### j.  Class Counsel Fees and Expenses and Plaintiff's Service Award

Defendant has agreed not to oppose Class Counsel's request for attorneys' fees not to exceed $200,000 and not to oppose Class Counsel's request for reimbursement of documented expenses of up to $10,000.  Defendant has also agreed not to oppose an application for a Service Award for the Plaintiff up to $5,000.00. Agreement at Section XIV.  The Court should consider whether to grant or deny these awards separate and apart from its consideration of the fairness and reasonableness of the Settlement.

### IV.    THE PROPOSED SETTLEMENT WARRANTS PRELIMINARY APPROVAL

### a.  The Legal Standard for Preliminary Approval

Rule 23(e) of the Federal Rules of Civil Procedure provides that before a class action may be dismissed or compromised, notice must be given in the manner directed by the court, and judicial approval must be obtained. Fed. R. Civ. P. 23(e).  As a matter of public policy, courts favor settlement of class actions for their earlier resolution of complex claims and issues, which promotes the efficient use of judicial and private resources.  *E.g.*, *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 116 (2d Cir. 2005).  The policy favoring settlement is especially relevant in class actions and other complex matters, where the inherent costs, delays and risks of continued litigation might otherwise overwhelm any potential benefit the class could hope to obtain. *See*, *e.g.*, *id.*; *see also* 4 *Newberg on Class Actions* § 11.41 (4th ed. 2002) (citing cases).

Approval of a class action settlement is a two-step process. Preliminary approval is the first step, requiring the Court to make a preliminary determination that the settlement is "fair, adequate, and reasonable, and not a product of collusion." *Wal-Mart Stores, Inc.*, 396 F.3d at 116 (internal citation omitted).

At the preliminary approval stage, the Court's task is to determine whether the proposed settlement is "within the range of possible approval" to warrant sending notice to class members and proceed to a fairness hearing. *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011); *see also* NEWBERG ON CLASS ACTIONS § 13:13 (5th ed. 2016) ("Bearing in mind that the primary goal at the preliminary review stage is to ascertain whether notice of the proposed settlement should be sent to the class, courts sometimes define the preliminary approval standard as determining whether there is 'probable cause' to submit the [settlement] to class members and [to] hold a full-scale hearing as to its fairness."). In the second step, after notice to settlement class members and time and opportunity for them to object or otherwise be heard, the court considers whether to grant final approval of the settlement as fair and reasonable under Rule 23. *Id.*

The Court should take the first step in the process and grant Preliminary Approval of the Settlement. The Settlement is clearly within the range of reasonableness and satisfies all standards for Preliminary Approval.

### b.  <u>The Settlement Satisfies the Criteria for Preliminary Approval</u>

Each of the relevant factors weighs heavily in favor of Preliminary Approval of this Settlement. First, the Settlement was reached in the absence of collusion, and is the product of good-faith, informed, and arm's length negotiations by competent counsel. Furthermore, a preliminary review of the factors related to the fairness, adequacy and reasonableness of the

Settlement demonstrates that it fits well within the range of reasonableness, such that Preliminary Approval is appropriate.  Kaufman Decl. ¶ 5.

Any settlement requires the parties to balance the merits of the claims and defenses asserted against the attendant risks of continued litigation and delay.  Plaintiff and Class Counsel believe that the claims asserted are meritorious and that Plaintiff would prevail if this matter proceeded to trial. Defendant argues that Plaintiff's claims are unfounded, deny any liability, and have shown a willingness to litigate vigorously.  Kaufman Decl. ¶ 6.

The Parties concluded that the benefits of the Settlement outweigh the risks and uncertainties attendant to continued litigation that include, but are not limited to, the risks, time and expenses associated with completing trial and any appellate review. Kaufman Decl. ¶ 7.

### c.  <u>The Settlement Agreement is the Product of Good Faith, Informed and Arm's Length Negotiations</u>

"A proposed settlement of a class action should… be preliminarily approved where it appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011) (internal citation omitted); *see also Ross v. A.H. Robins Co.*, 700 F. Supp. 682, 683 (S.D.N.Y. 1988) ("A strong initial presumption exists in favor of a proposed settlement where the proponents establish that: (i) the settlement is not collusive but was reached after arm's length negotiation; (ii) the proponents have counsel experienced in similar cases; (iii) there has been sufficient discovery to enable counsel to act intelligently; and (iv) the number of objectants or their relative interest is small.").

14

The Settlement here is the result of extensive, arm's-length negotiations between experienced attorneys who are familiar with class action litigation and with the legal and factual issues of this Action. Kaufman Decl. ¶ 8. Furthermore, Class Counsel are particularly experienced in the litigation, certification, trial, and settlement of nationwide class action cases. Kaufman Decl. ¶ 9 and Exhibit 1 thereto. Class Counsel zealously represented their client throughout the litigation, and throughout the discovery process, which included written discovery, documents requests, and multiple deposition notices on Tivity. Kaufman Decl. ¶ 10.

In negotiating this Settlement, Class Counsel had the benefit of years of experience in litigating and settling complex class actions and a familiarity with the facts of the Action. Kaufman Decl. ¶ 9 and Exhibit 1 thereto. As detailed above, Class Counsel conducted a thorough analysis of Plaintiff's claims and engaged in extensive informal and formal discovery with Defendant. *Id*. ¶ 11. Class Counsel's review of that discovery and attendant issues enabled them to gain an understanding of the evidence related to central questions in the Action and prepared them for well-informed settlement negotiations.

### d. **The Facts Support a Preliminary Determination that the Settlement is Fair, Adequate and Reasonable**

The Settlement falls within the "range of reason" such that notice and a final hearing as to the fairness, adequacy and reasonableness of the Settlement is warranted.

### i. **Likelihood of Success at Trial**

Class Counsel are confident in the strength of Plaintiff's case, but are also pragmatic in their awareness of the various defenses available to Defendant, and the risks inherent in trial and post-judgment appeal. Kaufman Decl. ¶ 12. The success of Plaintiff's claims turn on questions that would arise at summary judgment, trial and during an inevitable post-judgment appeal. Further,

it remains unclear whether Plaintiff would be able to certify a class for resolution of the asserted claims at trial. Under the circumstances, Class Counsel appropriately determined that the Settlement outweighs the risks of continued litigation. Kaufman Decl. ¶ 13.

Even if Plaintiff and the Settlement Class prevailed at trial, any recovery could be delayed for years by an appeal. This Settlement provides substantial relief to Settlement Class Members, without further delay.

### ii. Range of Possible Recovery and the Point On or Below the Range of Recovery at Which a Settlement is Fair

"As the Second Circuit has made clear more than once, the job of a settlement court is not to try the case. As long as counsel representing the class is experienced and able and is not laboring with a conflict of interest, counsel's judgment is entitled to deference." *In re Auction Houses Antitrust Litig.*, MASTER FILE 00 Civ. 0648 (LAK), 2001 U.S. Dist. LEXIS 1713, at *65-66 (S.D.N.Y. Feb. 22, 2001) (internal citation omitted). Courts have determined that settlements may be reasonable even where plaintiffs recover only part of their actual losses. Courts recognize that the "essence of settlement is compromise," and a settlement need not represent a complete victory for the plaintiffs for it to be approved. *Isby v. Bayh*, 75 F.3d 1191, 1200 (7th Cir. 1996) (quoting *Armstrong v. Board of Sch. Dirs.*, 616 F.2d 305, 315 (7th Cir. 1980), overruled on other grounds by *Felzen v. Andreas*, 134 F.3d 873 (7th Cir. 1998)). "The Court's function on this application is well known it is not to reopen and enter into negotiations with the litigants in the hope of improving the settlement to meet an objector's particular objections; nor is the Court called upon to substitute its business judgment for that of the parties who worked out a settlement after hard, arm's-length, good-faith bargaining. Rather, it is called upon to evaluate the probabilities of success upon a trial

16

and to compare the benefits thereof with the terms of compromise." *Kuck v. Berkey Photo, Inc.*, 87 F.R.D. 75, 78 (S.D.N.Y. 1980).

The $375.00 being made available for each Tivity Fax is more than reasonable given the complexity of the litigation and the significant risks and barriers that loomed in the absence of settlement including, but not limited to, a motion for class certification, a motion for summary judgment, *Daubert* motions, trial as well as appellate review following a final judgment.

There can be no doubt that this Settlement is a fair and reasonable recovery in light of Defendant's defenses, the uncertainty of class certification, and the challenging and unpredictable path of litigation Plaintiff and all Settlement Class Members would face absent a settlement. Kaufman Decl. ¶ 14.

### iii.   Complexity, Expense and Duration of Litigation

The traditional means for handling claims like those at issue here would tax the court system, require a massive expenditure of public and private resources, and, given the relatively small value of the claims of the individual class members, would be impracticable.  Thus, the Settlement is the best vehicle for Settlement Class Members to receive the relief to which they are entitled in a prompt and efficient manner. Kaufman Decl. ¶ 15.

### iv.   Stage of Proceedings

The Settlement was reached only after extensive informal and formal discovery was taken from Defendant.  As a result, Class Counsel were extremely well-positioned to confidently evaluate the strengths and weaknesses of Plaintiff's claims and prospects for success at trial and on appeal. Kaufman Decl. ¶ 16.

**e.  Certification of the Settlement Class is Appropriate**

For settlement purposes, Plaintiff and Class Counsel respectfully request that the Court certify the Settlement Class defined in Section III of the Agreement. "[T]he 'settlement only' class has become a stock device in modern class action litigation." *In re American International Group, Inc. Securities Litigation*, 689 F.3d 229, 238 (2d Cir. 2012). "Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . for the proposal is that there be no trial." *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

Certification of the proposed Settlement Class will allow notice of the Settlement to issue to inform Settlement Class members of the existence and terms of the Settlement, of their right to object and be heard on its fairness, of their right to opt-out, and of the date, time and place of the Final Approval Hearing. *See Manual for Compl. Lit.*, at §§ 21.632, 21.633. For the reasons set forth below, certification is appropriate under Rule 23(a) and (b)(3).

Certification under Rule 23(a) of the Federal Rules of Civil Procedure requires that (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class. Under Rule 23(b)(3), certification is appropriate if the questions of law or fact common to the members of the class predominate over individual issues of law or fact and if a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

The numerosity requirement of Rule 23(a) is satisfied because the Settlement Class consists of approximately 1,700 Tivity Faxes, and joinder of all Settlement Class members is impracticable.

*See* Fed. R. Civ. P. 23(a)(1); s*ee, e.g.*, *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995) (numerosity is presumed at a level of 40 members).

"Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is readily satisfied. There are multiple questions of law and fact – centering on Defendant's marketing program – that are common to the Settlement Class, that are alleged to have injured all Settlement Class members in the same way, and that would generate common answers.

For similar reasons, Plaintiff's claims are reasonably coextensive with those of the absent class members, such that the Rule 23(a)(3) typicality requirement is satisfied. *In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability"). Plaintiff is typical of the Settlement Class members because it received a fax sent by or on behalf of Tivity for the purpose of recruiting the recipient, or an individual or entity affiliated with the recipient, to join a Tivity network and claims to have suffered the same injuries, and because they will all benefit from the relief provided by the Settlement.

Plaintiff and Class Counsel also satisfy the adequacy of representation requirement. Adequacy under Rule 23(a)(4) requires (1) a plaintiff's attorney to be qualified, experienced, and generally able to conduct the proposed litigation; and (2) a plaintiff must not have interests

antagonistic to those of the class. *Id.* Plaintiff's interests are coextensive with, not antagonistic to, the interests of the Settlement Class, because Plaintiff and the absent Settlement Class members have the same interest in the relief afforded by the Settlement, and the absent Settlement Class members have no diverging interests. Further, Plaintiff and the Settlement Class are represented by qualified and competent Class Counsel who have extensive experience and expertise prosecuting complex class actions. Class Counsel devoted substantial time and resources to vigorous litigation of the Action. Kaufman Decl. ¶ 9 and Exhibit 1 thereto.

Rule 23(b)(3)'s predominance requirement tests "whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The requirement's purpose is to ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229, 239-40 (2d Cir. 2012) (internal citation omitted). Plaintiff readily satisfies the Rule 23(b)(3) predominance requirement because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member. Further, resolution of hundreds of claims in one action is far superior to individual lawsuits, because it promotes consistency and efficiency of adjudication. *See* Fed. R. Civ. P. 23(b)(3). For these reasons, the Court should certify the Settlement Class.

**f.  The Court Should Approve the Proposed Notice Program**

"Rule 23(e)(1)(B) requires the court to direct notice in a reasonable manner to all class members who would be bound by a proposed settlement, voluntary dismissal, or compromise regardless of whether the class was certified under Rule 23(b)(1), (b)(2), or (b)(3)." *Manual for Compl. Lit.* § 21.312 (internal quotation marks omitted). The best practicable notice is that

which is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950); *see Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 113-14 (2d Cir. 2005) ("[t]he standard for the adequacy of a settlement notice in a class action under either the Due Process Clause or the Federal Rules is measured by reasonableness. There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings. Notice is adequate if it may be understood by the average class member.") (internal citations omitted); Manual for Compl. Lit., § 21.312 (listing relevant notice information).

The Notice program satisfies these criteria. As recited in the Settlement and above, the Notice Program will inform Settlement Class members of the substantive terms of the Settlement. It will advise Settlement Class members of their options for remaining part of the Settlement, for objecting to the Settlement, Class Counsel's attorneys' fee application and/or request for Service Award, or for opting-out of the Settlement, for submitting a claim, and how to obtain additional information about the Settlement. The Notice Program is designed to reach a high percentage of Settlement Class members and exceeds the requirements of Constitutional Due Process. Therefore, the Court should approve the Notice Program and the form and content of the Notices.

V.    **Proposed Schedule of Events**

In connection with Preliminary Approval of the Settlement, the Court should also set a date and time for the Final Approval Hearing. Other deadlines in the Settlement approval process, including the deadlines for requesting exclusion from the Settlement Class or objecting to the

Settlement, will be determined based on the date of the Final Approval Hearing or the date on which the Preliminary Approval Order is entered.

Class Counsel propose the following schedule:

| Event | Date |
|---|---|
| Deadline for Completion of Mailed Notice Program (includes Initial Mailed Notice and Notice Re-mailing Process) | 45 days prior to the Final Approval Hearing |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | 45 days prior to the Final Approval Hearing |
| Opt-out and Objection Deadline | 30 days prior to the Final Approval Hearing |
| Responses to Objections | 15 days prior to the Final Approval Hearing |
| The Final Approval Hearing | Approximately 120 days after Preliminary Approval |
| Claims Deadline | 14 days after the Final Approval Hearing |

## VI.    Conclusion

Based on the foregoing, Plaintiff and Class Counsel respectfully request that the Court: (1) grant Preliminary Approval to the Settlement; (2) preliminarily approve the terms of the Settlement as within the range of fair, adequate and reasonable; (3) provisionally certify the Settlement Class pursuant to Federal Rule of Civil Procedure 23(b)(3) and (e) for settlement purposes only; (4) approve the Notice Program and approve the form and content of the Notices of the Settlement; (5) approve the Claims process; (6) approve the procedures for members of the Settlement Class to exclude themselves from the Settlement or to object to the Settlement; (7) re-open and stay the Action pending Final Approval of the Settlement; and (8) schedule a Final Approval hearing for a time and date mutually convenient for the Court, Class Counsel and counsel for Tivity, at which

the Court will conduct an inquiry into the fairness of the Settlement, determine whether it was made in good faith, and determine whether to approve the Settlement and Class Counsel's application for attorneys' fees, costs, and expenses and a Service Award to the Class Representative.  A Proposed Preliminary Approval Order is attached hereto as *Exhibit C*.

Dated: June 28, 2019                    /s/ Stefan Coleman
                                        Stefan Coleman (SC6365)
                                        law@stefancoleman.com
                                        Law Offices of Stefan Coleman, P.A.
                                        5 Penn Plaza, 23rd Floor
                                        New York, NY 10001
                                        Telephone: (877) 333-9427
                                        Facsimile: (888) 498-8946

                                        Avi R. Kaufman (admitted pro hac vice)
                                        KAUFMAN P.A.
                                        400 NW 26TH Street
                                        Miami, Florida 33127
                                        Telephone: (305) 469-5881
                                        Email: kaufman@kaufmanpa.com

                                        *Attorneys for Plaintiff and the Settlement Class*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on June 28, 2019, I electronically filed the foregoing document

with the Clerk of the Court using CM/ECF, which is being served this day on all counsel of record

via transmission of Notice of Electronic Filing generated by CM/ECF.

<i>/s/ Stefan Coleman</i>                    