IN THE UNITED STATES DISTRICT COURT
THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **LACKAWANNA CHIROPRACTIC P.C.**, a New York professional corporation, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>**TIVITY HEALTH SUPPORT, LLC**, a Delaware limited liability company,<br><br>*Defendant*. | Case No. 1:18-cv-00649-LJV<br><br><br>**CLASS ACTION** |

### [PROPOSED] ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND CERTIFYING THE SETTLEMENT CLASS

Plaintiff Lackawanna Chiropractic P.C., on behalf of itself and a class of similarly situated persons, and Defendant Tivity Health Support, LLC (referred to as "Tivity" or "Defendant"), have agreed to settle this Action pursuant to the terms and conditions set forth in an executed Settlement Agreement dated as of March 6, 2020 ("Settlement Agreement" or "Agreement"). The Parties reached the Settlement through arm's-length negotiations. Under the Settlement, subject to the terms and conditions therein and subject to Court approval, Plaintiff and the other Releasing Parties will fully, finally, and forever resolve, discharge, and release the Released Claims against the Released Parties.

The Settlement has been filed with the Court, and Plaintiff and Class Counsel have filed a Motion for Preliminary Approval of Modified Class Action Settlement ("Motion"). Upon considering the Motion, the Settlement and all exhibits thereto, the record in these proceedings, the representations and recommendations of counsel, and the requirements of law, the Court finds that: (1) this Court has jurisdiction over the subject matter and the Parties to this Action; (2) the

1

proposed Settlement Class meets the requirements of Federal Rule of Civil Procedure 23 and should be certified for settlement purposes only; (3) the persons and entities identified below should be appointed Class Representative and Class Counsel; (4) the Settlement is the result of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel, and is not the result of collusion; (5) the Settlement is within the range of reasonableness and should be preliminarily approved; (6) the proposed Notice Program and proposed forms of Notice satisfy Federal Rule of Civil Procedure 23 and constitutional due process requirements, and are reasonably calculated under the circumstances to apprise the Settlement Class of the pendency of the Action, class certification, terms of the Settlement, Class Counsel's application for an award of attorneys' fees and expenses ("Fee Application") and request for a Service Award for Plaintiff, and their rights to opt-out of the Settlement Class or object to the Settlement, Class Counsel's Fee Application, and/or the request for a Service Award for Plaintiff; (7) good cause exists to re-open and stay the Action pending Final Approval of the Settlement; (8) good cause exists to schedule and conduct a Final Approval Hearing, pursuant to Federal Rule of Civil Procedure 23(e), to assist the Court in determining whether to grant Final Approval of the Settlement and enter the Final Approval Order, and whether to grant Class Counsel's Fee Application and request for a Service Award for Plaintiff; and (9) the other related matters pertinent to the Preliminary Approval of the Settlement should also be approved.

    Based on the foregoing, IT IS HEREBY ORDERED AND ADJUDGED as follows:

    1. As used in this Preliminary Approval Order, unless otherwise noted, capitalized terms shall have the definitions and meanings accorded to them in the Settlement.

    2. The Court has jurisdiction over the subject matter and Parties to this proceeding pursuant to 28 U.S.C. §§ 1331, 1332.

3. Venue is proper in this District.

<u>Provisional Class Certification and Appointment of Class Representative and Class Counsel</u>

4. It is well established that "[T]he 'settlement only' class has become a stock device in modern class action litigation." *In re American International Group, Inc. Securities Litigation*, 689 F.3d 229, 238 (2d Cir. 2012). In deciding whether to provisionally certify a settlement class, a court must consider the same factors that it would consider in connection with a proposed litigation class – i.e., all Rule 23(a) factors and at least one subsection of Rule 23(b) must be satisfied – except that the Court need not consider the manageability of a potential trial, since the settlement, if approved, would obviate the need for a trial. *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 620 (1997).

5. The Court finds, for settlement purposes, that the Federal Rule of Civil Procedure 23 factors are present and that certification of the proposed Settlement Class is appropriate under Rule 23. The Court therefore provisionally certifies the following Settlement Class.

> All individuals and entities within the United States who were sent a Tivity Fax by or on behalf of Tivity recruiting a provider offering chiropractic services, physical therapy, occupational therapy, speech therapy, acupuncture, massage, and/or complementary and alternative medicine (CAM) services to join a Tivity network. Excluded from the Settlement Class are: (1) the trial judge presiding over this case; (2) Tivity, as well as any parent, subsidiary, affiliate or control person of Tivity, and the officers, directors, agents, servants or employees of Tivity; (3) any of the Released Parties; (4) the immediate family of any such person(s); (5) any member of the Settlement Class who has timely opted out of the Settlement; and (6) Class Counsel and their employees.

6. Specifically, the Court finds, for settlement purposes and conditioned on final certification of the proposed class and on the entry of the Final Approval Order, that the Settlement Class satisfies the following factors of Federal Rule of Civil Procedure 23:

(a) <u>Numerosity</u>: There are hundreds of members of the proposed Settlement Class. The proposed Settlement Class is so numerous that joinder of all members is impracticable.

(b) <u>Commonality</u>: "[C]ommonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury,'" and the plaintiff's common contention "must be of such a nature that it is capable of classwide resolution – which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 131 S. Ct. 2541, 2551 (2011) (citation omitted). Here, the commonality requirement is satisfied. Multiple questions of law and fact centering on Defendant's class-wide practices are common to the Plaintiff and the Settlement Class, are alleged to have injured all members of the Settlement Class in the same way, and would generate common answers central to the viability of the claims were this case to proceed to trial.

(c) <u>Typicality</u>: The Plaintiff's claims are typical of the Settlement Class because they concern the same alleged marketing practices of Tivity, arise from the same legal theories, and allege the same types of harm and entitlement to relief. Rule 23(a)(3) is therefore satisfied. *See In re Drexel Burnham Lambert Grp.*, 960 F.2d 285, 291 (2d Cir. 1992) (typicality "is satisfied when each class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability").

(d) <u>Adequacy</u>: Adequacy under Rule 23(a)(4) requires: (1) a plaintiff's attorney to be qualified, experienced, and generally able to conduct the proposed litigation; and (2) a plaintiff must not have interests antagonistic to those of the class. *Id*. Here, Rule 23(a)(4) is satisfied because there are no conflicts of interest between the Plaintiff and the Settlement Class, and Plaintiff has retained competent counsel to represent him and the Settlement Class. Class Counsel regularly engage in consumer class litigation, complex litigation, and other litigation similar to this

Action, and have dedicated substantial resources to the prosecution of the Action. Moreover, the Plaintiff and Class Counsel have vigorously and competently represented the Settlement Class in the Action.

(e) <u>Predominance and Superiority</u>: Rule 23(b)(3) is satisfied because the common legal and alleged factual issues here predominate over individualized issues, and resolution of the common issues for the members of the Settlement Class in a single, coordinated proceeding is superior to thousands of individual lawsuits addressing the same legal and factual issues. Rule 23(b)(3)'s predominance requirements test "whether proposed classes are sufficiently cohesive to warrant adjudication by representation. The requirement's purpose is to ensure that the class will be certified only when it would achieve economies of time, effort, and expense, and promote uniformity of decision as to persons similarly situated, without sacrificing procedural fairness or bringing about other undesirable results." *In re Am. Int'l Grp. Sec. Litig.*, 689 F.3d 229, 239-40 (2d Cir. 2012) (internal citation omitted). Here, common questions present a significant aspect of the case and can be resolved for all members of the Settlement Class in a single adjudication. In a liability determination, those common issues would predominate over any issues that are unique to individual members of the Settlement Class. Moreover, each member of the Settlement Class has claims that arise from the same or similar alleged marketing practices of Tivity as well as the same legal theories.

7. The Court appoints Plaintiff, Lackawanna Chiropractic, P.C., as Class Representative.

8. The Court appoints the following people and firms as Class Counsel: Avi R. Kaufman of Kaufman P.A. and Stefan Coleman of Law Offices of Stefan Coleman, P.A.

9. The Court recognizes that Defendant reserves its defenses and objections against and right to oppose any request for class certification in the event that the proposed Settlement does

not become final for any reason. Defendant also reserves its defenses to the merits of the claims asserted in the event the Settlement does not become final for any reason.

<u>Preliminary Approval of the Settlement</u>

10. At the preliminary approval stage, the Court's task is to evaluate whether the Settlement is within the "range of possible approval." *Davis v. J.P. Morgan Chase & Co.*, 775 F. Supp. 2d 601, 607 (W.D.N.Y. 2011); 4 *Newberg on Class Actions* § 11.26.  Settlement negotiations that involve arm's length, informed bargaining with the aid of experienced counsel support a preliminary finding of fairness. *See Manual for Complex Litigation*, Third, § 30.42 (West 1995) ("A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery.") (internal quotation marks omitted).

11. The Court preliminarily approves the Settlement, together with all exhibits thereto, as fair, reasonable, and adequate. The Court finds that the Settlement was reached in the absence of collusion, is the product of informed, good-faith, arm's-length negotiations between the Parties and their capable and experienced counsel. The Court further finds that the Settlement, including the exhibits thereto, is within the range of reasonableness and possible judicial approval, such that: (a) a presumption of fairness is appropriate for the purposes of preliminary settlement approval; and (b) it is appropriate to effectuate notice to the Settlement Class, as set forth below and in the Settlement, and schedule a Final Approval Hearing to assist the Court in determining whether to grant Final Approval to the Settlement and enter a Final Approval Order.

<u>Approval of Class Notice and the Notice Program</u>

12. The Court approves the form and content of the Notice and Claim Form, substantially in the forms attached as Exhibits 1 through 3 to the Settlement. The Court further finds that the

Notice Program described in the Settlement is the best practicable under the circumstances. The Notice Program is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Action, certification of a Settlement Class, the terms of the Settlement, Class Counsel's Fee Application and the request for Service Award for Plaintiff, the claim process, and their rights to opt-out of the Settlement Class or object to the Settlement. The Notices and Notice Program constitute sufficient notice to all persons entitled to notice. The Notices and Notice Program satisfy all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23 and the Constitutional requirement of due process.

13. Angeion Group shall serve as the Settlement Administrator.

14. The Administrator shall implement the Notice Program, as set forth below and in the Settlement, and the Claims Process using the Notices and Claim Form substantially in the forms attached as Exhibits to the Settlement and approved by this Preliminary Approval Order. Notice shall be provided to the members of the Settlement Class pursuant to the Notice Program, as specified in the Settlement and approved by this Preliminary Approval Order. The Notice Program shall include Mail Notice and Long-Form Notice, as set forth in the Settlement and below.

15. The Administrator shall administer Mail Notice as set forth in the Settlement. Mail Notice shall be completed no later than 45 days prior to the Final Approval Hearing.

16. The Administrator shall establish a Settlement Website as a means for Settlement Class members to obtain notice of, and information about, the Settlement. The Settlement Website shall be established as soon as practicable following Preliminary Approval, but no later than before commencement of the Notice Program. The Settlement Website shall include hyperlinks to the Settlement, the Long-Form Notice, the Preliminary Approval Order, and other such documents as

7

Class Counsel and counsel for Defendant agree to include. These documents shall remain on the Settlement Website at least until the Final Approval Hearing.

17. The Administrator is directed to perform all substantive responsibilities with respect to effectuating the Notice Program and claims process, as set forth in the Settlement.

<u>Final Approval Hearing, Opt-Outs, and Objections</u>

18. A Final Approval Hearing shall be held before this Court on _____ \_\_\_, 2020 at \_\_\_\_ \_\_.m. to determine whether to grant Final Approval to the Settlement and to enter a Final Approval Order, and whether Class Counsel's Fee Application and request for a Service Award for the Class Representative should be granted.

19. Any person within the Settlement Class who wishes to be excluded from the Settlement may exercise their right to opt-out of the Settlement by following the opt-out procedures set forth in the Settlement and in the Notice at any time prior to the Opt-Out Deadline. To be valid and timely, opt-out requests must be received by those listed in the Long-Form Notice on or before the Opt-Out Deadline, which is 30 days before the Final Approval Hearing, and mailed to the addresses indicated in the Long Form Notice.

20. Any Settlement Class member may object to the Settlement, Class Counsel's Fee Application, or the request for a Service Award for Plaintiff. Tivity also may object to Class Counsel's Fee Application and/or the request for a Service Award. Any such objections must be mailed to the Clerk of the Court, Class Counsel, and Defendant's Counsel, at the addresses indicated in the Long-Form Notice. For an objection to be considered by the Court, the objection must be postmarked no later than 30 days before the Final Approval Hearing, as set forth in the Notice. To be valid, an objection must include the following information:

    a) the name of the Action;

8

    b) the objector's full name (or, if a business, business name), address, telephone number, and fax number at which the Tivity Fax(es) was (were) received;

    c) an explanation of the basis upon which the objector claims to be a Settlement Class Member;

    d) all grounds for the objection, accompanied by any legal support for the objection known to the objector or his counsel; and

    e) the objector's signature (an attorney's signature is not sufficient).

<u>Further Papers in Support of Settlement and Attorney's Fee Application</u>

21. Plaintiff and Class Counsel shall file their Motion for Final Approval of the Settlement, Fee Application and request for a Service Award for Plaintiff, no later than _____, which is 45 days before the Final Approval Hearing.

22. Plaintiff and Class Counsel shall file their responses to timely filed objections to the Motion for Final Approval of the Settlement, the Fee Application and/or request a Service Award for Plaintiff no later than _____, which is 15 days before the Final Approval Hearing.

<u>Effect of Failure to Approve Settlement</u>

23. If the Settlement is not finally approved by the Court, or for any reason the Parties fail to obtain a Final Approval Order as contemplated in the Settlement, or the Settlement is terminated pursuant to its terms for any reason, then the following shall apply:

(a) All orders and findings entered in connection with the Settlement shall become null and void and have no further force and effect, shall not be used or referred to for any purpose whatsoever, and shall not be admissible or discoverable in any other proceeding;

(b) Nothing in this Preliminary Approval Order is, or may be construed as, any admission or concession by or against Tivity or Plaintiff on any point of fact or law; and

(c) Neither the Settlement terms nor any publicly disseminated information regarding the Settlement, including, without limitation, the Class Notice, court filings, orders and public statements, may be used as evidence. In addition, neither the fact of, nor any documents relating to, either Party's withdrawal from the Settlement, any failure of the Court to approve the Settlement and/or any objections or interventions may be used as evidence.

Stay/Bar of Other Proceedings

24. The Action is re-opened and all proceedings in the Action are stayed until further order of the Court, except as may be necessary to implement the terms of the Settlement. Pending final determination of whether the Settlement should be approved, Plaintiff, all persons in the Settlement Class, and persons purporting to act on their behalf are enjoined from commencing or prosecuting (either directly, representatively or in any other capacity) against any of the Released Parties any action or proceeding in any court, arbitration forum or tribunal asserting any of the Released Claims.

25. Based on the foregoing, the Court sets the following schedule for the Final Approval Hearing and the actions which must take place before and after it:

| Event | Date |
| --- | --- |
| Deadline for Completion of Mailed Notice Program | 45 days prior to the Final Approval Hearing |
| Deadline for filing papers in support of Final Approval of the Settlement and Class Counsel's application for an award of attorneys' fees and expenses | No later than 45 days prior to the Final Approval Hearing |
| Opt-Out and Objection Deadline | 30 days prior to the Final Approval Hearing |

| Responses to Objections | 15 days prior to the Final Approval Hearing |
| --- | --- |
| The Final Approval Hearing | At least 90 days after Preliminary Approval |
| Claims Deadline | 14 days after the Final Approval Hearing |

**DONE AND ORDERED** in Buffalo, New York this __ day of March, 2020.

_____
Lawrence J. Vilardo
United States District Court Judge