UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LACKAWANNA CHIROPRACTIC P.C., a
New York professional corporation,
individually and on behalf of all others
similarly situated,

                               Plaintiff,

v.

TIVITY HEALTH SUPPORT, LLC, a
Delaware limited liability company,

                               Defendant.
_____

**REPORT AND
RECOMMENDATION**

18-CV-00649-LJV-JJM

          In this putative class action, plaintiff Lackawanna Chiropractic P.C. seeks recovery for itself, and on behalf of a class similarly situated, for alleged violations of the Telephone Consumer Protection Act ("TCPA", 47 U.S.C. §227) by defendant Tivity Health Support, LLC. Amended Complaint [15].[1] Before the court is Lackawanna Chiropractic's motion pursuant to Fed. R. Civ. P. ("Rule") 23(e) for preliminary approval of a modified settlement agreement and conditional certification of a settlement class [54].[2]

          I outlined my concerns with the motion in an Interim Order dated May 12, 2020 [55], to which the parties have responded [56, 57, 60]. After considering the parties' submissions, I heard oral argument on May 26, 2020 [58]. While the parties have satisfied some

---

[1]      Bracketed references are to the CM/ECF docket entries.  Unless otherwise indicated, page references are to numbers reflected on the documents themselves rather than to the CM/ECF pagination.

[2]      Lackawanna Chiropractic previously moved for similar relief [39]. I recommended that the motion be denied for several reasons, including the fact that the defined settlement class could include members who had consented to receive the faxes, and therefore were not injured by their transmission. August 29, 2019 Report and Recommendation [41], adopted by District Judge Lawrence J. Vilardo on December 26, 2019 [48].

of my concerns, for the following reasons I remain unpersuaded "that the court will likely be able to: (i) approve the proposal under Rule 23(e)(2); and (ii) certify the class for purposes of judgment on the proposal", as required by Rule 23(e)(1)(B). Therefore, I recommend that the motion be denied.


## BACKGROUND

Subject to certain exceptions, the TCPA prohibits the "use any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement". 47 U.S.C. §227(b)(1)(C). It defines an "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise". 47 U.S.C. §227(a)(5).

While Lackawanna Chiropractic alleges that neither it nor any member of the proposed class consented to receive the faxes in question (Amended Complaint [15], ¶¶17, 30), Tivity denies those allegations. Answer [29], ¶¶17, 30. Lackawanna Chiropractic nevertheless asks this court to certify a settlement class consisting of "[a]ll individuals and entities within the United States who were sent a Tivity Fax by or on behalf of Tivity recruiting a provider offering chiropractic services, physical therapy, occupational therapy, speech therapy, acupuncture, massage, and/or complementary and alternative medicine (CAM) services to join a Tivity network" (Proposed Settlement Agreement [54-2], §39), without regard to whether the recipient consented to receive the fax.

The parties contend that "it is not feasible to define the settlement class . . . to exclude fax recipients who consented to receive the faxes", because the issue of consent is "in

dispute". Joint Response [56], p. 2. At oral argument, Tivity's attorney, Daniel Layden, stated that Tivity "is willing to accept the possibility that some of these people may not have been injured and may not be proper class members. And we're willing to pay them anyway. Because the reality from Tivity's perspective is this is a relatively small class and the defense cost of this case would greatly outstrip the value of litigating it."[3]

## DISCUSSION

Although Tivity may be willing to accept the possibility that some members of the settlement class have not been injured, this court cannot. "Rule 23's requirements must be interpreted in keeping with Article III constraints." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997); Central States Southeast and Southwest Areas Health and Welfare Fund v. Merck-Medco Managed Care, L.L.C., 433 F.3d 181, 199 (2d Cir. 2005) ("Article III standing requirements are no less true with respect to class actions than with respect to other suits").

Article III requires that "any person invoking the power of a federal court must demonstrate standing to do so". Hollingsworth v. Perry, 570 U.S. 693, 704 (2013). "The standing doctrine . . . is designed to ensure that federal courts do not exceed their authority as it has been traditionally understood." SM Kids, LLC v. Google LLC, ___F.3d___, 2020 WL 3455786, *2 (2d Cir. 2020). As is has been traditionally understood, "the role of courts [is] to provide relief to claimants, in individual or class actions, who have suffered, or will imminently suffer, actual harm". Lewis v. Casey, 518 U.S. 343, 349 (1996). Since courts are "not . . . available to those who have suffered no harm", La Mar v. H & B Novelty & Loan Co., 489 F.2d 461, 464 (9th Cir. 1973), those seeking judicial relief must "prove that [they have] suffered a concrete and

---

[3]      Transcribed in chambers from recording of May 26, 2020 Zoom videoconference.

particularized injury that is fairly traceable to the challenged conduct, and is likely to be redressed by a favorable judicial decision". Hollingsworth, 570 U.S. at 704.

While Rule 23 allows the "aggregation of individual claims", it "cannot enlarge class members' substantive rights". In re Asacol Antitrust Litigation, 907 F.3d 42, 56 (1st Cir. 2018).[4] Therefore, "[a]n appropriate application of standing in class suits necessitates an inquiry into whether the class members have been injured by defendant's conduct." 7AA Wright and Miller, Federal Practice and Procedure (Civil), §1785.1 (3d ed.). "[E]ach member of the class must have standing with respect to injuries suffered as a result of defendants' actions", and "[t]he class must therefore be defined in such a way that anyone within it would have standing". Denney v. Deutsche Bank AG, 443 F.3d 253, 264 (2d Cir. 2006); In re LIBOR-Based Financial Instruments Antitrust Litigation, 299 F. Supp. 3d 430, 532 (S.D.N.Y. 2018) (the class definition must be "sufficient to ensure that each class member . . . has experienced some injury-in-fact").

The proposed settlement class definition does not satisfy that requirement, because it "cannot . . . exclude fax recipients who consented to receive the faxes" (Joint Response [56], p. 2), and therefore were not injured. See Smith v. United States, 69 U.S. 219, 230 (1864) (those who have "consented . . . have suffered no injury"); In re Lucey Mfg. Corp., 9 F.2d 313, 313 (2d Cir. 1925) (what is "consented to . . . is not an injury"); Black's Law Dictionary (11th ed. 2019) ("a person is not wronged by that to which he or she consents" (defining the phrase "volenti non fit injuria")). Therefore, a properly defined class must

---

[4]     See also Tyson Foods, Inc. v. Bouaphakeo, 136 S. Ct. 1036, 1048 (2016) (class members may not be granted "different rights in a class proceeding than . . . in an individual action"); T. Evangelis, B. Hamburger, "Article III Standing and Absent Class Members", 64 Emory Law Journal 383, 392-93 (2014) ("construing Rule 23 to authorize federal courts to resolve the claims of absent class members, regardless whether those class members personally have suffered an injury sufficient to establish standing, would exempt uninjured plaintiffs from the requirements of Article III and enlarge their right to pursue claims in federal court").

"distinguish between faxes sent with permission of the recipient and those that are truly unsolicited". Brodsky v. HumanaDental Insurance Co., 910 F.3d 285, 291 (7th Cir. 2018).

Lackawanna Chiropractic argues that "the presence of a de minimis number of uninjured class members is permissible at class certification". Memorandum of Law [54-1], p. 4. Not in this Circuit. See Denney 443 F.3d at 264 ("no class may be certified that contains members lacking Article III standing"). Moreover, those courts which do allow the certification of a class containing uninjured class members do so on condition that "those members can be weeded out at a later stage". In re Nexium Antitrust Litigation, 777 F.3d 9, 24, n. 20 (1st Cir. 2015).[5]

That cannot occur in this case, because the "court asked to certify a settlement class will lack the opportunity, present when a case is litigated, to adjust the class, informed by the proceedings as they unfold". Amchem Products, 521 U.S. at 620. The proposed settlement calls for payments to everyone who received a Tivity fax, regardless of whether they consented to receive it, and therefore were not injured thereby. That proposal "must stand or fall in its entirety", Hanlon v. Chrysler Corp., 150 F.3d 1011, 1026 (9th Cir. 1998), and the court may not "modify [its] terms". Plummer v. Chemical Bank, 668 F.2d 654, 656, n. 1 (2d Cir. 1982).

Approval of the proposed settlement would exceed the court's jurisdiction, by authorizing payments to those who have not been injured. "[A]n approved settlement takes the

---

[5]     See also Cordoba v. DIRECTV, LLC, 942 F.3d 1259, 1274 (11th Cir. 2019) ("at some time in the course of the litigation the district court will have to determine whether each of the absent class members has standing before they could be granted any relief"); Ramirez v. TransUnion LLC, 951 F.3d 1008, 1023, n. 6 (9th Cir. 2020) ("although the standing inquiry in the early stages of a case focuses on the representative plaintiffs, district courts and parties should keep in mind that they will need a mechanism for identifying class members who lack standing at the damages phase"); In re Restasis (Cyclosporine Ophthalmic Emulsion) Antitrust Litigation, ___F.R.D.___, 2020 WL 2555556, *20 (E.D.N.Y. 2020) (uninjured class members must be "identif[ied] and remov[ed] . . . during the claims administration process").

form of a judgment of the court, and without both Article III power and proper subject-matter jurisdiction, the court cannot act". Schumacher v. SC Data Center, Inc., 912 F.3d 1104, 1105 (8th Cir. 2019).

While the parties suggest that "all of the members of the proposed class have alleged an injury sufficient to create Article III jurisdiction" (Joint Response [56], p. 4), the elements of standing "are not mere pleading requirements but an indispensable part of the plaintiff's case". Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).[6] "[A] plaintiff must demonstrate standing for each claim he seeks to press and for each form of relief that is sought", Town of Chester, New York v. Laroe Estates, Inc., 137 S. Ct. 1645, 1650 (2017), and "cannot obtain class-wide relief for harms suffered by only some of its members". Dupuy v. McEwen, 495 F.3d 807, 808 (7th Cir. 2007).

## CONCLUSION

Although "the 'settlement only' class has become a stock device", the court's obligation to "protect absentees by blocking unwarranted or overbroad class definitions . . . demand[s] undiluted, even heightened, attention in the settlement context". Amchem Products, 521 U.S. at 618, 620. "The class description . . .  must not be so broad as to include individuals who are without standing to maintain the action on their own behalf." Oshana v. Coca-Cola Bottling Co., 225 F.R.D. 575, 580 (N.D. Ill. 2005), aff'd, 472 F.3d 506 (7th Cir. 2006). Since the

---

[6]     Nor can the propriety of class certification be based on the pleadings alone. Instead, the "court must probe behind the pleadings before coming to rest on the certification question, satisfying itself that Rule 23 compliance may be demonstrated through evidentiary proof . . . . [T]his inquiry may sometimes overlap with merits issues". Johnson v. Nextel Communications Inc., 780 F.3d 128, 138 (2d Cir. 2015). Ruke 23's requirements "should not be watered down" merely because the parties wish to settle. Denney, 443 F.3d at 270. (2d Cir. 2006).

proposed settlement class does not exclude those who consented to receive Tivity faxes (and therefore have not been injured), it is overbroad. Therefore, I recommend that Lackawanna Chiropractic's motion [54] be denied.

Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by July 21, 2020. Any requests for extension of this deadline must be made to District Judge Vilardo.  A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge".  Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: July 7, 2020

_____/s/ Jeremiah J. McCarthy_____
JEREMIAH J. MCCARTHY
United States Magistrate Judge