UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LACKAWANNA CHIROPRACTIC P.C., a
New York professional corporation,
individually and on behalf of all others    **REPORT AND**
similarly situated,    **RECOMMENDATION**

    Plaintiff,    18-CV-00649-LJV-JJM

v.

TIVITY HEALTH SUPPORT, LLC, a
Delaware limited liability company,

    Defendant.
_____

    Familiarity with the prior proceedings in this action is presumed. In a July 7, 2020 Report and Recommendation [61],[1] I recommended that plaintiff Lackawanna Chiropractic P.C.'s Motion for Preliminary Approval of the Modified Class Action Settlement [54] be denied, because Lackawanna Chiropractic had failed to demonstrate Article III standing for all proposed class members. After considering the parties' Joint Objection [64], District Judge Lawrence J. Vilardo declined my recommendation. He concluded that Lackawanna Chiropractic "has adequately alleged Article III standing" on behalf of the class, and referred the Motion back to me for further consideration. August 27, 2021 Decision and Order [65] at 2. For the following reasons, I again recommend that the Motion be denied.

## DISCUSSION

    Although the existence of class members' Article III standing is an important factor in determining whether to grant preliminary approval of the proposed settlement of this

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

action, it is by no means the only consideration. "The decision to give notice of a proposed settlement to the class is an important event. It should be based on a solid record supporting the conclusion that the proposed settlement will likely earn final approval." 2018 Advisory Committee Note, Fed. R. Civ. P. ("Rule") 23(e)(1).

In order to prevail on this Motion, Lackawanna Chiropractic must "show[ ] that the court will likely be able to (i) approve the proposal under Rule 23(e)(2); *and* (ii) certify the class for purposes of judgment on the proposal". Rule 23(e)(1)(B) (emphasis added). I will address these two requirements in reverse order, since "regardless of whether a district court certifies a class for trial or for settlement, it must first find that the class satisfies all the requirements of Rule 23". In re Community Bank of Northern Virginia, 418 F.3d 277, 300 (3d Cir. 2005).

**A.      Will the Court Likely be Able to Certify the Settlement Class?**

"[A] party seeking to maintain a class action must affirmatively demonstrate his compliance with Rule 23." Comcast Corp. v. Behrend, 569 U.S. 27, 33 (2013). "Subdivisions (a) and (b) focus court attention on whether a proposed class has sufficient unity so that absent members can fairly be bound by decisions of class representatives. That dominant concern persists when settlement, rather than trial, is proposed." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 621 (1997). Rule 23's requirements "demand undiluted, even heightened, attention in the settlement context" (id. at 620), and may "not be watered down by virtue of the fact that the settlement is fair or equitable". Denney v. Deutsche Bank AG, 443 F.3d 253, 270 (2d Cir. 2006).

Although Judge Vilardo concluded that Lackawanna Chiropractic "has adequately alleged Article III standing" (August 27, 2021 Decision and Order [65] at 2), "Rule 23 does not

set forth a mere pleading standard". Wal-Mart Stores, Inc. v. Dukes, 564 U.S. 338, 350 (2011). "Rather, a party must not only be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, typicality of claims or defenses, and adequacy of representation, as required by Rule 23(a)", but "must also satisfy through evidentiary proof at least one of the provisions of Rule 23(b)". Comcast, 569 U.S. at 33 (emphasis in original). The court "may certify a class only after . . . find[ing] that whatever underlying facts are relevant to a particular Rule 23 requirement have been established". In re Initial Public Offerings Securities Litigation, 471 F.3d 24, 41 (2d Cir. 2006). While Lackawanna Chiropractic argues that the Motion satisfies the requirements of Rule 23(a) as well as Rule 23(b)(3) (Lackawanna Chiropractic's Memorandum of Law [54-1] at 17-20; Kaufman Declaration [54-3], ¶¶15-17, 23-25), its argument is devoid of the evidentiary proof required for certification.

      In particular, I question whether the predominance requirement of Rule 23(b)(3) is satisfied. "Even if Rule 23(a)'s commonality requirement may be satisfied, the predominance criterion is far more demanding." Johnson v. Nextel Communications Inc., 780 F.3d 128, 138 (2d Cir. 2015). "In order to meet the predominance requirement a plaintiff must establish that the issues in the class action that are subject to generalized proof, and thus applicable to the class as a whole, predominate over those issues that are subject only to individualized proof." In re Nassau County Strip Search Cases, 461 F.3d 219, 227 (2d Cir. 2006). The court "must assess (1) the elements of the claims and defenses to be litigated; and (2) whether generalized evidence could be offered to prove those elements on a class-wide basis or whether individualized proof will be needed to establish each class member's entitlement to relief". Johnson, 780 F.3d at 138. "In other words, a district court must formulate some prediction as to how specific issues will

play out in order to determine whether common or individual issues predominate in a given case." Costello v. BeavEx, Inc., 810 F.3d 1045, 1059 (7th Cir. 2016).

Lackawanna Chiropractic argues that this case "readily satisfies the Rule 23(b)(3) predominance requirement because liability questions common to all Settlement Class members substantially outweigh any possible issues that are individual to each Settlement Class member, including whether Tivity Faxes constitute advertisements". Lackawanna Chiropractic's Memorandum of Law [54-1] at 19-20). However, since the certification analysis "will frequently entail overlap with the merits of the plaintiff's underlying claim", Comcast, 569 U.S. at 33-34, "the court must inquire into the merits to ensure that Plaintiffs have done more than merely assert predominance". All Star Carts and Vehicles, Inc. v. BFI Canada Income Fund, 280 F.R.D. 78, 85 (E.D.N.Y. 2012).

Lackawanna Chiropractic admits that "if the case proceeded . . . Tivity would have asserted that Plaintiff's proposed class could not be properly certified because consent to receive unsolicited advertising faxes under the TCPA need not be in writing and can take any number of forms, which would require the Court to engage in a mini-trial for each prospective class member to determine if the provider consented to receiving the fax . . . . see 47 U.S.C. § 227(a)(5) (consent may be given 'in writing or otherwise')". Lackawanna Chiropractic's Memorandum of Law [54-1] at 5.

In responding to Lackawanna Chiropractic's interrogatories regarding its consent defense, Tivity stated that "based on discovery and investigation to date, which is continuing, in certain instances, Fax Recipients provided their fax numbers to Tivity during telephone conversations with Tivity representatives . . . . Tivity has not yet identified all of the instances in which a Fax Recipient provided their fax number to Tivity in some manner, and the

circumstances in which those numbers were provided - all of which likely bears upon whether Tivity had prior express permission or invitation to send faxes to those numbers. Substantial additional discovery and investigation would be required to identify those instances and circumstances". [57-1] at 5 (emphasis added). In light of that response, it is difficult to discern the basis for Lackawanna Chiropractic's contention that "the number of Tivity Fax recipients who were not prior Tivity network providers but who communicated with Tivity in advance of receiving the Tivity Fax is likely *de minimis*". Lackawanna Chiropractic's Memorandum of Law [54-1] at 4.

"Solely for purposes of settlement . . . the Parties have agreed to compromise their disputes with respect to those defenses." Joint Response [56] at 3. However, "the fact that an issue is conceded . . . does not mean that it ceases to be an issue for the purposes of predominance analysis" (Nassau County, 461 F.3d at 228), because the predominance inquiry "trains on the legal or factual questions that . . . *preexist* any settlement, and tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation". Amchem Products, 521 U.S. at 594 (emphasis added); In re American International Group, Inc. Securities Litigation, 689 F.3d 229, 240 (2d Cir. 2012) ("[t]he focus of this analysis is on questions that preexist any settlement, and not on whether all class members have a common interest in a fair compromise of their claims").

"[A] plaintiff must show that those issues subject to generalized proof outweigh those issues that are subject to individualized proof." Id. at 240. "This analysis is more qualitative than quantitative . . . and must account for the nature and significance of the material common and individual issues in the case." In re Petrobras Securities, 862 F.3d 250, 271 (2d Cir. 2017). Lackawanna Chiropractic's failure to even mention (much less account for) the role of

Tivity's consent defense in the predominance equation is inexplicable - for as Judge Vilardo noted, "the question of consent is the very issue at the heart of the *merits* . . . in this case". August 27, 2021 Decision and Order [65] at 6 (emphasis in original). *See* Brodsky v. HumanaDental Insurance Co., 910 F.3d 285, 291 (7th Cir. 2018) ("[t]he question of what suffices for consent is central, and it is likely to vary from recipient to recipient"); Gene And Gene LLC v. BioPay LLC, 541 F.3d 318, 327 (5th Cir. 2008) ("the predominant issue of fact is undoubtedly one of *individual* consent") (emphasis in original). Therefore, Lackawanna Chiropractic has failed to demonstrate that this court would be likely to certify the proposed settlement class.

**B.      Will the Court Likely be Able to Approve the Proposal Under Rule 23(e)(2)?**

Even if the settlement class were to be certified, I question whether the proposed settlement would likely be approved under Rule 23(e)(2). That Rule provides that the court may approve a proposed class action settlement "only on finding that it is fair, reasonable, and adequate". "When a settlement is negotiated prior to class certification, as is the case here, it is subject to a higher degree of scrutiny in assessing its fairness." D'Amato v. Deutsche Bank, 236 F.3d 78, 85 (2d Cir. 2001).

Among the factors relevant to this determination is whether the proposed settlement "treats class members equitably relative to each other" (Rule 23(e)(2)(D)) - that is, "whether the apportionment of relief among class members takes appropriate account of differences among their claims". Rule 23 Advisory Committee Notes, 2018 Amendments. "Put simply, the court's goal is to ensure that similarly situated class members are treated similarly

and that dissimilarly situated class members are not arbitrarily treated as if they were similarly situated." 4 Newberg on Class Actions §13:56 (5th ed.).

Lackawanna Chiropractic argues that "while the Settlement Agreement treats Class members subject to Tivity's consent defense the same as Class members not subject to Tivity's consent defense, there is a valid basis for doing so given the bases for Tivity's consent defense". Lackawanna Chiropractic's Memorandum of Law [54-1] at 6. However, "at this stage of the litigation, Tivity's consent defenses are in dispute" (Joint Objection [64] at 6), and because "the parties have provided nothing but generalities about the relative strengths and weaknesses of the class's claims and potential defenses", it is "impossible to properly assess whether the proposed plan is rationally related to the relative strengths and weaknesses of the respective claims asserted". Zink v. First Niagara Bank, N.A., 155 F. Supp. 3d 297, 312 (W.D.N.Y. 2016).

Therefore, Lackawanna Chiropractic has failed to demonstrate that this court would be likely to approve the settlement proposal under Rule 23(e)(2).

## CONCLUSION

For these reasons, I again recommend that Lackawanna Chiropractic's Motion for Preliminary Approval of the Modified Class Action Settlement [54] be denied. Unless otherwise ordered by Judge Vilardo, any objections to this Report and Recommendation must be filed with the clerk of this court by October 4, 2021. Any requests for extension of this deadline must be made to Judge Vilardo. A party who "fails to object timely . . . waives any right to further judicial review of [this] decision". Wesolek v. Canadair Ltd., 838 F. 2d 55, 58 (2d Cir. 1988); Thomas v. Arn, 474 U.S. 140, 155 (1985).

Moreover, the district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not, presented to the magistrate judge in the first instance. Patterson-Leitch Co. v. Massachusetts Municipal Wholesale Electric Co., 840 F. 2d 985, 990-91 (1st Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) and (c) of this Court's Local Rules of Civil Procedure, written objections shall "specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection . . . supported by legal authority", and must include "a written statement either certifying that the objections do not raise new legal/factual arguments, or identifying the new arguments and explaining why they were not raised to the Magistrate Judge". Failure to comply with these provisions may result in the district judge's refusal to consider the objections.

Dated: September 20, 2021

/s/Jeremiah J. McCarthy
JEREMIAH J. MCCARTHY
United States Magistrate Judge
