UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

LACKAWANNA CHIROPRACTIC P.C., *a New York professional corporation, individually and on behalf of all others similarly situated*,

      Plaintiff,

v.

TIVITY HEALTH SUPPORT, LLC, *a Delaware limited liability company*,

      Defendant.

18-CV-649-LJV-JJM
DECISION & ORDER

---

On June 7, 2018, the plaintiff, Lackawanna Chiropractic P.C. ("Lackawanna"), commenced this putative class action alleging that Tivity Health Support, LLC, violated the Telephone Consumer Protection Act, 47 U.S.C. § 227. Docket Item 1. On August 21, 2019, this case was referred to United States Magistrate Judge Jeremiah J. McCarthy for all proceedings under 28 U.S.C. § 636(b)(1)(A) and (B). Docket Item 40.

On March 6, 2020, Lackawanna moved for preliminary approval of a modified class action settlement. Docket Item 54. On July 7, 2020, Judge McCarthy issued a Report and Recommendation ("R&R") finding that Lackawanna's motion should be denied because the proposed settlement class lacked Article III standing. Docket Item 61. On August 27, 2021, this Court concluded that Lackawanna had adequately alleged Article III standing and referred the motion for preliminary approval back to Judge McCarthy for further consideration. Docket Item 65.

On September 20, 2021, Judge McCarthy issued a second R&R, again finding that Lackawanna's motion for preliminary approval should be denied.  Docket Item 66. More specifically, Judge McCarthy found that the motion should be denied because Lackawanna "failed to demonstrate that this court would be likely to certify the proposed settlement class" and "failed to demonstrate that this court would be likely to approve the settlement proposal under Rule 23(e)(2)."  *Id.* at 6-7.  On November 1, 2021, the plaintiff notified this Court that the parties would not be filing objections to the second R&R.  Docket Item 71.  In any event, no objections were filed, and the time to object now has expired.

A district court may accept, reject, or modify the findings or recommendations of a magistrate judge.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  The court must review *de novo* those portions of a magistrate judge's recommendation to which a party objects.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).  But neither 28 U.S.C. § 636 nor Federal Rule of Civil Procedure 72 requires a district court to review the recommendation of a magistrate judge to which no objections are raised.  *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985).

Although not required to do so in light of the above, this Court nevertheless has reviewed Judge McCarthy's R&R as well as the parties' submissions to him.  Based on that review and the absence of any objections, the Court accepts and adopts Judge McCarthy's recommendation to deny the plaintiff's motion.

For the reasons stated above and in the R&R, the plaintiff's motion for preliminary approval of the modified class action settlement, Docket Item 54, is

3

DENIED. The case is referred back to Judge McCarthy for further proceedings consistent with the referral order of August 21, 2019, Docket Item 40.

SO ORDERED.

Dated:   November 15, 2021
         Buffalo, New York

                                        /s/ Lawrence J. Vilardo
                                       LAWRENCE J. VILARDO
                                       UNITED STATES DISTRICT JUDGE